Da'Shawn M. Hughes
#105597
Name

1318 KS Hwey 264

Larned KS 67550
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| Da'Shawn M Hughes, Plaintiff<br>*(Full Name)*<br><br>V.<br><br>Major Gratham, Defendant(s)<br>FNP Paul Corby, Mirend Schmidt<br>Shawn Pokursk, Joel East, Captain Ronald Biberle, Jeff Byrum | CASE NO. 22-3309-JWL-JPO<br>*(To be supplied by the Clerk)*<br><br><br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C.<br>§1983 |
|---|---|

## A. JURISDICTION

1) Da'Shawn Hughes, is a citizen of Kansas
   *(Plaintiff)* *(State)*

   who presently resides at 1318 KS Hwey 264
   *(Mailing address or place)*
   Larned Mental Health Correctional facility
   *of confinement.)*

2) Defendant Jim Gratham is a citizen of
   *(Name of first defendant)*

   Larned, Kansas, and is employed as
   *(City, State)*

   Major of Security of Larned. At the time the
   *(Position and title, if any)*

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes ☑ No ☐. If your answer is "Yes", briefly explain:

   Prior too 12-13-22 Jim Gratham advised
   me in a aggressive manner that I am doing
   things in Larned that they are aware of.

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983                    1

3) Defendant **Paul Cory and Miranda Schmidt** is a citizen of
   (Name of second defendant)
   **Larned KS**, and is employed as
   (City, state)
   **Special Agents**. At the time the
   (Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☑ No ☐. If your answer is "Yes", briefly explain:

On 12-13-22 Both individuals were involved in arranging the targeted search of my cell.

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

On 12-13-22 at approximately 8:15 A.M I was awaken by CCII Shawn Pokorski and CSII Joel East. I was asked to strip out for a targeted search. I stripped out and was asked to sit in the day during the search I immeadiantly became aware of there unprofessionalism so after a while of them being in my cell I asked for a Captian to come supervise the search and was threaten and elbowed by CCII Pokorski

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Discrimination, Battery, Malfeasance and Tampering with evidence, forging Documents and making false allegations, Racial Discrimination

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

On 12-13-22 CCII Jack East States in his Narrative That He found some papers That appeared to having Been wet with an unknown substance, which upon subsequent testing Tested positive for Methamphetamine.

B) (1) Count II: Lying in a Sworn Statement

(2) Supporting Facts: He Stated in his Sworn Statement He found The Items in my Cell But failed To Record Them on The Required Shake Down Receipt.

C) (1) Count III: Battery LCIT Shawn Pokorski

(2) Supporting Facts: He Has A History of excessive oN Inmates of color and is very aggressive and unprofessional please preserve video footage F-1 Run

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☑. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:
      Plaintiffs: _____
      Defendants: _____

   b) Name of court and docket number _____

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

   d) Issues raised _____

XE-2 8/82              CIVIL RIGHTS COMPLAINT §1983                     4

e) Approximate date of filing lawsuit  12-20-22

f) Approximate date of disposition _____

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☑ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

You cannot grieve the Disciplinary process.

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

I would like for an internal investigation of all the facility staff at harrued and for this administration be held accountable for it's discrimination and unprofessionalism. I aske also the chain of custody of the alledge meth on paper be established and perserved.

_____          _____
Signature of Attorney (if any)              Signature of Plaintiff

_____
(Attorney's full address and telephone number)

XE-2 8/82            CIVIL RIGHTS COMPLAINT §1983                    5

ON-12-11-22 AS I was leaving The unit I asked Captain Ronald Bierble if they were going to release me out F-1 Housing. He immediately got aggressive and stated Never No way. I then replied I will be med.um custody in a few months send me back to HCF. He then stated in a assuring manner that I will be returning soon in a threatening manner.

ON or around the 8th or 9th of December Jim Graham initiated a conversation with me and advised that he is aware of the fact that I am doing things in his facility He was being very aggressive with his tone and demeanor I then advised Him yea I have been gambling and He said okay!!

ON 12-13-22 at approximately 8:15 AM CCII Pokorski and CSII East who have constant contact and close relations with EAI Paul Cory, and Jim graham conducted a targeted search on cell F-121 occupied solely by me Dashawn Hughes During this conducted search CSII East found during his Search found some papers on the top bunk in a box containing Misc. papers that appeared to having been wet with an unknown substance which upon subsequent testing positive for Methamphetamine after being turned over to Pokorski.

Paul Cory, Miranda Schmidt, and Captain Bierbly were acting under the color of state when they directed Shawn Pokorski and Joel East to conduct a targeted search on my cell.
                                                                12-20-22
                                                                Dashawn Hughes

ON-11-23-21 of last year I filled a complaint on Cory, Paul, Paul Cory about his unprofessionalism and the fact that he is known for making false allegations on 10-23-22 Paul Cory directed me an aggressive manner to enter inside of the clinic. As I entered he ask me to take A UA. I advised him that he is wasting my time he knews I Dont Do Drugs. He then begins to try to coerce a statement out of me as he petermines the anaylisis of the UA. I refuse to talk to him and began to try and use the UA as a bargaing chip for me to speak I again refuse and he stated I was dirty for methamphetamines and I was placed in segragation.

ON 12-23-21 I was transfered to H.C.f and Discpinary was still pending for the UA. I then requested for the Discpiwary at H.C.f to send the UA out for testing.

ON 1-12-2022 I was advised that my UA was clean and the Dispinary would be dismissed and I did not have any methamphetemines in my system.

I filed A 1983 U.S.C against paul Lery for Harrasment and Discrimination and A number of other things.

# DISCIPLINARY REPORT

Attachment B, IMPP# 11-119
Effective: 12-11-13

## Larned Correctional Mental Health Facility

| Case No. 21-1577 | Date of Alleged Violation: 10/23/21 | Time: 1015 | ☒A.M. ☐P.M. |
|---|---|---|---|
| Date This Report Written: 10/23/26 | | Time: 1035 | ☒A.M. ☐P.M. |

| Name of Inmate: | **HUGHES** | **Dashawn** | | No.: **105577** |
|---|---|---|---|---|
| | LAST | FIRST | MI | |
| Duty Assignment: | | | | Cell No.: EUNIT |

**Alleged Violation of Law or Rule** *(Identify by Code No., Short Title, and Class)* 44-12-312 Use of Stimulants Class I

**FACTS:** As a result of an investigation which was initiated within 24 hours after the discovery of infraction, the following facts have been discovered:

On 10/23/21, Hughes, Dashawn #105577 was taken to the Central Unit Clinic to complete a UA. Upon completing the UA process the test showed presumptive positive for Methamphetamine. Hughes refused to sign the security seal on the UA cup, however it was sealed and placed in the EAI refrigerator.

(Attach Additional Sheet(s) if necessary)

Staff Witness:

| | Shift | Days Off | (Signature) | KC000208126 Employee ID # |
|---|---|---|---|---|
| Parker, Colton COI | | | P Cory | Shift / Days Off: 7-3 / sat sun |

Printed Name and Title of Employee Writing Report

Approved by: (Shift Supervisor, Unit Team Manager & Title)

I declare (or verify, certify, or state) under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.

Executed on 11/23/21        Signature

I received a copy of this report on 11/23/21, 1058   Refused to sign
                                    Date      Time        (Inmate Signature & No.)

I served a copy of this report on 11/23/21, 1058
                                   Date      Time        (Signature of Officer & Title)

Technical and clerical errors in the writing and/or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuant to K.A.R. 44-13-707. Harmless error; Plain error.

# DISCIPLINARY REPORT

Attachment B, IMPP# 11-119
Effective: 12-11-13

## Larned Correctional Mental Health Facility

| Case No. 22-1342 | Date of Alleged Violation: 12/13/22 | Time: 0815 | ☒ A.M. ☐ P.M. |
|---|---|---|---|
| Date This Report Written: 12/13/22 | | Time: 0858 | ☒ A.M. ☐ P.M. |

| Name of Resident: | HUGHES | DESHAWN | | No.: 105577 |
|---|---|---|---|---|
| | LAST | FIRST | MI | |
| Duty Assignment: | LAY-IN NO WORK AVAILABLE | | | Cell No.: F1 121 |

**Alleged Violation of Law or Rule** *(Identify by Code No., Short Title, and Class)* 44-12-203 THEFT CLASS I // 44-12-901 DANGEROUS CONTRABAND CLASS I

**FACTS:** On the above date and approximate time, myself and CCII Shawn Pokorski conducted a targeted search of F1-121 occupied solely by Hughes, DeShawn #105577. During search were located a number of electronic devices that appeared to have the original numbers removed and/or Hughes' name and number engraved. Items include a Clear tunes TV serial number CT1514N-38706-000000000092. According to A&D property records, he owns a TV with the serial number CT1315N-2947-00....001017. Also located were: a ClearTunes radio which he does not currently have on his property record, a clamp on lamp that appeared to be altered, an altered WestBend fan which he has one on record but there was a second one that had been altered, an unknown container containing unknown tablets and an altered power strip. CSII East found during search found some papers on the top bunk in a box containing misc. papers that appeared to having been wet with an unknown substance which upon subsequent testing positive for methamphethamine after being turned over to CCII Pokorski. Electronic items were siezed and placed in locker 8 for evidence and the paper with positive test for methamphethamine was turned over to EAI.

End of report

(Attach Additional Sheet(s) if necessary)

| Staff Witness: | | | (Signature) | K0000207336 |
|---|---|---|---|---|
| | Shift | Days Off | | Employee ID # |
| CCII Shawn Pokorski | 2 | Sat/Sun | CSII Joel East    Shift / Days Off: | 2 / Sat/Sun |

Printed Name and Title of Employee Writing Report

Approved by: (Shift Supervisor, Unit Team Manager & Title)

I declare (or verify, certify, or state) under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.

Executed on 12/13/22     Signature

I received a copy of this report on  12-13-22 , 1013    Refused to Sign
                                      Date        Time          (Resident Signature & No.)

I served a copy of this report on  12-13-22 , 1013
                                    Date        Time         (Signature of Officer or Unit Team Manager & Title)

Technical and clerical errors in the writing and/or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.

**INMATE NAME & NUMBER:** HUGHES, DASHAWN #105577

☐ Witness(es) Sworn In/Affirmed

**Witness(es) Testimony / Cross Examination (Attach Testimony)**

**Closing Statement(s): (Attach Arguments)**
If applicable include inmate's testimony/ arguments on restitution

**Sanction(s):** (44-12-312A) NOT GUILTY

**Reason for Sanctions:** INMATE WAS FOUND NOT GUILTY OF THE CHARGE/S

**Disposition of Evidence:** UA TO BE DESTROYED

☐ Inmate advised of right to Appeal, Have Inmate Initial _____

**HEARING OFFICER SIGNATURE** _A. Brown CSII_  **DATE** 01/11/2022

**FINAL ACTION BY FACILITY WARDEN:**
☒ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING   ☐ REDUCE TO SUMMARY JUDGMENT
☐ AMEND THE CHARGE                                    - restriction from privileges up to 10 days
☐ DISAPPROVE/DISMISS                                  - fine not exceed $10.00
☐ REDUCE THE PENALTY                                  - extra work w/o incentive pay for no more than
☐ SUSPEND ALL OR PART OF SENTENCE                       2 hrs/day no more than 5 days
☐ REMAND NEW HEARING                                  - work w/o incentive pay not to exceed 5 days
☐ CLARIFICATION OF RECORD                             - restitution not less than $3.00
                                                        or more than $20.00

**Comments:** _____

_A. Brown CSII_                          01/12/2022
**WARDEN/DESIGNEE SIGNATURE**            **DATE**

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

**INMATE SIGNATURE**                     **DATE**
I served a copy of the Hearing Record

**STAFF SIGNATURE**                      **DATE**

---

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.