IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DASHAWN M. HUGHES,

    **Plaintiff,**

    v.                                      CASE NO. 22-3309-JWL

JIM GRAHAM, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was confined at the Larned Correctional Mental Health Facility in Larned, Kansas. Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On January 27, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff until February 24, 2023, in which to show good cause why his Amended Complaint should not be dismissed or to file a second amended complaint to cure the deficiencies set forth in the MOSC. The Court extended the deadline to March 24, 2023 (Doc. 10), and again to April 21, 2023 (Doc. 12). Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff's allegations that various defendants acted in a threatening, aggressive, or unprofessional manner, failed to state a constitutional violation. The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992)).

The Court also found in the MOSC that Plaintiff failed to state a claim under the Equal Protection Clause and failed to state a claim of retaliation. An "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

The Court's MOSC provided that "[i]f Plaintiff fails to [respond] in the time allotted by the Court, this matter may be dismissed without further prior notice to Plaintiff." (Doc. 8, at 1.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 27, 2023, in Kansas City, Kansas.**

                                            **S/ John W. Lungstrum**
                                            **JOHN W. LUNGSTRUM**
                                            **UNITED STATES DISTRICT JUDGE**